Case number 25-5200, Arthur Sookra on behalf of his deceased minor child, Taylor Rose Sookra, and April Birch Sookra on behalf of the deceased minor child, Taylor Rose Sookra, appellants versus Pfizer Inc. et al. Mr. Lloyd for the appellants, Ms. Tan for the federal appellees, Mr. Wiener for the Pfizer Inc. Good morning. Good morning. And please support Scott Lloyd on behalf of the faith of appellants, Arthur Sookra and April Birch. Very briefly on the facts of bringing this suit on behalf of their deceased daughter, she died of myocarditis that, according to medical professionals, was caused by the COVID-19 vaccine. Our complaint ledges that Pfizer and the government defendants knew of the dangers of myocarditis in people of that age, but they withheld that information, which ultimately led to Taylor's death. Their decision to withhold this information constitutes willful misconduct with both Pfizer and HHS are liable under the PREP Act. Sookra's filed suit and the district court judge Shukin dismissed the Sookra's case, accepting the recommendation of the magistrate and the Sookra's appealed. There are 4 issues we'd like to address today, depending on the court's inquiries, but 1st, the question of whether there should have been a 3-judge panel convened in this case to hear the motion to dismiss, and we believe that there should have. The 2nd is whether that can I just, let's just dive into that. Sure. That interests me. Why shouldn't we rule against you on that point on the simple ground that you did not timely. Ask for a 3 judge district court, your honor. We, we, we believe that we did. We, our request that at that point was after the recommendation from the magistrate. Under the magistrates act. You make your arguments to the magistrate judge and. He, or she prepares a report and recommendation and then when you go up to the district court. You have to show why the magistrate judge erred. I understand the straight judge did not air in saying that you hadn't invoked this. Your honor, the follow up to that to our 1st point is the 2nd point. And that is that the. Requirement is statutory the and the. Statutory, but I'm not sure it's jurisdictional. Normally, you have statutory rights can be waived or forfeited. You're understood your honor, but. Yeah, under this under our arguments, the, the prep act is clear that the question is a question of the. The district court shall and panel 3, 3, judge jury and it's mandatory. No doubt. It's, it's mandatory. And so it says such panel shall have jurisdiction. Over motions to dismiss that sound like jurisdictional language to you. Yes, your honor sounds jurisdictional. I'm not sure it bars a 1 judge district court forecloses jurisdiction under 1331. well, on that on that, your honor, we cite to the case of Shapiro versus McManus and that's where the Supreme Court dove into the question of when it's appropriate for a single judge to dispose of questions where the statute calls for a 3 judge panel. Shapiro suggests that had there been a. District court district court can decide. A question of subject matter jurisdiction. There's a timely invocation. I'm not sure that. Well, our excuses you from making a timely invocation. Well, our original point is that we do think that it was timely timely for these for these. Purposes and then the, but returning to jurisdictional. You can raise it at any time we have to raise it ourselves. This statute wasn't an issue in McManus. That's that's correct and this statute says. Any action under subsection D, which is what you have. Shall be assigned initially. To a panel of free judges, such panels shall have jurisdiction. Over the action for purposes of considering motions to dismiss. Did the district court here rule on a motion to dismiss? It did, and the statute says, initially. There's no go to the district court, have it figure it out. There are other statutes. That let district courts do some initial things, like address jurisdiction. That's correct. Are you aware of any other statute? For 3 judge courts that is written saying it shall be assigned initially. To a 3 judge court, I'm not your honor and that and then saying that 3 judge court is the 1 that has jurisdiction over among other things motions to dismiss. Right? That's pretty powerful language. And we would argue that it's, it's, it's controlling and that there really isn't any. Discretion on the behalf of the district court to. Find outside of that language and really there are supposed to go to district court initially. I mean, the magistrate judge wasn't deciding a motion to dismiss. It was making a recommendation, which could have gone straight to the 3 judge court. That didn't. Right and that's that's our understanding as well. Your honor and our Shapiro is is really just the closest. Analogy that we could find to to language of this sort, but take Congress's language seriously there. Yes. Yeah. And that and that was our reason for. Mentioning it in this, in this context, although it's unique language, I mean, you're dealing with a unique situation here of the emergency approvals and medication in case of public health. Emergencies and crises and Congress in that usual context, emergency context. Use language is never used before. That's our reading of it. Your honor. I think I think in our submissions, we didn't want to quote quite that far in case we were missing something, but we were not able to find anything with any statutory language where it's quite as clear as take Congress at its word or not. And that's our, that's our argument correct here. And so regardless of whether you didn't raise it at the 1st moment. If it's jurisdictional, and the statute uses jurisdictional language shall have jurisdiction. If nothing else, it has jurisdiction over motions to dismiss the panel. Not a single district court judge shall have jurisdiction over motions to dismiss. And that was our address that now. That's correct. That was our understanding from the beginning. Your honor. And so moving if we couldn't to questions of sovereign immunity. And covered covered persons. The prep act section D, it, it creates an exception to its overall immunity to liability and. Those exceptions apply to cover persons and section D, I, to defines cover persons to include the United States. And we would also say that we remind the court that this is that the prep act includes its immunity to liability. So, the background is is a situation where they're already already is liability existing and the prep act comes in. It provides essentially a protection against that liability and protection against suit. That that's correct and in the context of the, this applies for the government in the, in the, or in the sense that the government's already. Liable for torts under the federal tort claim act, and this is essentially toward it's, it's, it's essentially malfeasance. Did you find the federal tort claims act? We didn't your honor and but we, we didn't exhaust on the federal as the federal tort claims act requires either the well, that's correct. And our point here is not is not that the federal tort claim act is controlling in the sense of what the plaintiff's appellants had to do at the initial set. What we're saying is that when the prep act arrives on on the scene, it arrives in a situation where the government was already liable for towards that it commits and acknowledging that only liable for towards it committed. Under a lot of preconditions, 1 of which was. You have to exhaust federal tort claims act exhaustion requirement is jurisdictional. I believe. Yeah. And and well, that's that's correct. Your honor except that what the prep act does is overlays different procedural requirement. Yeah, you're that's correct. Satisfy either exhaustion requirement. Well, to the prep act, um, uh, administrative requirements, we felt that the, the plaintiff fell in the. The exceptions to those administrative requirements. What exception well, the, the statute itself says that where, where the. Where the liability fund is not is not funded, then this one was funded. Correct your honor it was funded in the sense that in the, it was inadequately funded with respect to Mr. or the. Specifically, and so by the time, I guess there's 2 answers to that is if we, as a court were to hold that. It doesn't apply if you ask for more money than in the fund, everybody. Is going to ask for more money than the fund has and no 1 will exhaust. I think Congress intended this mandatory exhaustion to be. Spirited that easily just based on leading. Well, it's, it's a little bit hard to get by and get into Congress's thinking and creating this requirement that there's funding and that's a fair point. But so courts should courts construe a mandatory exhaustion requirement. To to be pointless. As long as people plead a big enough number in their complaint. Well, that's your that's the consequence of your argument. I think that I would, I would nuance that your honor. I would say that it's more the sense that regardless of Mr. or the claims in this case, it's not really a question of. Um, them specifically in their requests specifically, it's more a sense of what is the general universe of plaintiffs likely to be bringing before before this fund and even taking taking that and setting the secrets in particular aside. It's inadequate even really to to fund the. The processing of these claims and to that point, that's that's how the super's fall into the 2nd. Exception to this requirement and that is there. The secretary has 240 days to process claims at the time that the super is their claim arose the. There was a 10 year backlog owing to the, there are only 35 people manning the, the office and. Again, 15Million dollars worth of resources to handle its claims. Good, thank you. All right. Thank you very much. Council. We'll give you a couple of minutes. Thank you. Good morning, your honors and may it please the court Caroline tan for the government. So I thought I would start by addressing the 3 judge panel issue the reference to the shell and the initially. I think invest be understood in conjunction with 22, USC, 2284, which is the default role governing Congress's determination that 3 just panels might be appropriate. That particular section 2284. Well, let me start from the 3 just panel provision itself towards the end of that provision. It expressly excludes 22, USC, 22, 8, 4, B3, which is the provision, allowing 3 judges panels to conduct the trial. In in those kinds of circumstances, so by excluding that provision, essentially says that in the context of the prep act. A single judge can conduct a trial and that's sort of the reason why you have other. I'm sorry, go ahead. Well, the prep act. Assuming assuming it's properly invoked, which I was asking your friend about, but you haven't. Press that point, assuming it's properly invoked. It expressly provides for the 3 judge panel. To decide motions to dismiss. So, it's motion to dismiss on jurisdiction ground. So, I'm glad you brought up the invocation. I do think it's relevant in as much as it shows you that these plaintiffs didn't necessarily request a 3 judge panel or necessarily. Let's start with the motions to dismiss because. It just seems like it's a very different scheme. 22, you have authority under 2284. That the 1 judge district court can decide questions of subject matter jurisdiction. But this is this is a different scheme. It repeals the language that. Talks about barring entry of judgment on the merits, which might suggest. Finitely implication, you can enter a judgment on jurisdictional grounds. And you have the express provision that mandatory mandatory provision and it says the court gets to decide the 3 judge court. Is vested with authority to decide the motion to dismiss. So, I think all that language is in reference to the exclusion of 22, a, 4, B, 3. So, 22, a, 4, B, 3, basically allows basically requires that a 3 judge panel do the trial on that context. And so in the prep act, they remove that requirement meeting. It's okay for a single judge to do the trial. And that's in part why the rest of that particular provision references the pre trial matters. It's just to make particularly clear what the exclusion of 22, a, 4, B, 3 is supposed to mean. And I don't think anything about the prep act sort of suggest that Congress wanted to remove the default rule that a single judge can serve a screening function at the threshold. You think under the prep act, a single judge can try the merits. I think that's what the exclusion of 28, USC, 22, 84, B3 operative language is. The prep act language and he says. You have this weird scheme where there seem to be 2 different. Assignments to 3 judge panels, but the 1st, 1 is to decide. Motions to dismiss and some other stuff. And then there's the 2nd, 1 done by the chief judge of the circuit. So, I think that the district court, like, nothing about the prep act removes the ordinary rule that a district court can perform a screening function. So, if there is, for example, a challenging 12, basic motion to dismiss a district court can under 22, a, 4, B1 determine this is something that's appropriate. Wait a minute, the Supreme Court told us what this, unless he determines that 3 judges are not required means, and it is. It is a very, very small screening test as an is this. Does this present such a frivolous claim that it doesn't even amount. The question of federal law, and that, I mean, that's, that's not what courts courts are not allowed to decide motions to dismiss. Even if they're relatively easy. Or not under under, even even under the 20 to 84 as, as, as interpreted and. McManus, I don't think McManus displace the ordinary rule from Gonzalez that a 3 judge court is not required where the district court itself flex jurisdiction, or that a single judge can't dismiss for just disability reasons. And I think it's more instability that they talked about. There was okay. There's this exception for playing, which happens say, someone says I'm suing under federal law, but it is beyond frivolous. I'm suing under federal law, because I read title 7 to say, no discrimination against me because I'm an alien. All right, and and and so then that is just, I mean, not even. Colorful that doesn't even get passed in the front door. That's not sufficient to raise a federal question. That's not we're not in that territory here. At all, but that's that's what McManus gave is an example of what this screening function is. But once you've decided that. It's claims under the prep act, it's a motion to dismiss under the prep act. You've got to go here now. That's I mean, that. Answer that 1st, I still think I think there's language here. Sure. I mean, even in McManus world here, we don't have that screening function. McManus involved a motion to dismiss for failure to state a claim where the underlying theory brought in that motion was based on a concurring opinion from a Supreme Court justice. And so the idea there was that this claim is somewhat challenging. It's sort of difficult. And that's and for that reason. This claim required a 3 judge panel. That's not what we have here under either the case law regarding a single judge's ability to dismiss at the outset on threshold grounds or under the discourse in substantiality doctrine. I mean, in this case, there's really there can really be no debate that Congress has not waived. It's sovereign immunity with respect to separate problem when I don't think 1 would say there's not enough of a question here. So, I mean, even to raise a federal question is at the government's position. That is our position. So this can be in state court. There's not enough to even get into federal court here. Our question is, there's. You can't sue the government under the defense on your motion to that's your motion to dismiss. But here the Congress, you're not letting the word initially. Shelby signed initially. To 3 judge court, I could find no other 3 judge court statute. In the US code that is phrased that way, right? 2284 is kind of like this default rule. Generally governing these things, but when Congress can override it, correct. Congress can override 2284 Congress certainly could, but the fact that it initially. So, you don't have to make a request. Assigned initially means it doesn't even go to a single district court. We do think you'd have to make a request under 2284. No, when Congress wants requests, it says it another 3 judge statutes. So, the fact that there's no requirement to request here. How should we interpret that? I think there is a request under B1 and I think you get there. Wait, I'll be 12284B1. No, I want to I want to talk about the statute addition. Right? No. So where does it say in there that you have to make a request before it's assigned to a 3 judge court? So, when when the prep act excludes B3 and only B3. Congress, therefore, it says it's okay with B1 and B2, but not if they're irreconcilable. This is my argument to you. There's no requirement to request when Congress wants a request, which it does frequently. It says so in 3 judge court statutes, it says that uses the word request frequently or application, but that's not here. All right, and then just tell me what assigned initially. Means to the government, our position is that's in reference to the exclusion of B3 and B3 says that's way more than B3 is about trials assigned. Initially. Isn't going to be talking about what happens at a trial. I think the position is B3. Says a 3 judge panel must do the trial. And so it excludes whatever discussion of free trial to talk about. In fact, this statute already talks has these cases divide. This is what judge Katz's was pointing out and finds these statute these cases into 2 stages. There's the motion dismiss and summary judgment. And then you got to go back to the chief judge for another 3 judge court if there's going to be a trial. So that's. That's why it's that 2nd, half is why. B3 doesn't apply, right? But the 1st part initially assigned initially. Who assigns cases once once a complaint is filed, who does that? So I think the clerk's office. I think when you mentioned the chief judge and the mechanics of assigning a panel, the prep, that doesn't expressly say how that happens. And the way you get there is by looking at 2284, which is the default rule for how to 3 judge panels are to be convened. You want the district court you want it to be assigned initially to a district court judge who can then rule on motions to has jurisdiction to rule on motions that you think are. Oh, I mean, they're clearly federal questions are presented here. But they're easy enough in our view. That's how I read that assigned initially to a 3 judge panel, which will have jurisdiction over the motion to dismiss. We read it consistent with the parts of 2284 that are not excluded. That's our position. And 2284 has not been my question to you is why doesn't assigned initially. Exclude that role for a single district court judge, because what happens under all the other statutes. Is it is assigned initially to a district court judge. And then there are times when those district court, depending on the statute can do various things. Right, so there might be 2 points that that might be helpful to your concern. The 1st is there's a long line of cases that have allowed dismissal for standing a threshold grounds, even though the underlying statute says things like shall, even though the underlines that say, if you can point me to 1, that says. A 3 judge panel shall have jurisdiction over a motion to dismiss which statute says that I don't have a statute that exact language. There isn't 1. Lots of statutes say shall, but no, nothing, but not shall have jurisdiction over a motion to dismiss. I don't, I don't know of any statute that precise language. We know of 1. yes. I mean, of course. Yes. I mean, I do think it's. No, this is a unique statute, right? But that's the point shall have jurisdiction over a motion to dismiss unless. It's not that hard. It's not what Congress said. Again, I think the exclusion of the 3 suggests 22 about the trial. And so they're excluding the part about trials. We're talking about motion dismiss and summary judgment. I guess I don't think there can be any real debate that at a minimum, some parts of 2284 be 1 are included, including the mechanism by which a 3 judge panel is convened. Time to go to the chief judge and and maybe the chief judge is the 1 that now has to make sure there's a. A 3 judge is required. This 3 is part of the price. Got to figure out this is a prep at case or some under some other statute. But as soon as that chief judge says, this is a prep at case. The case shall be assigned initially so rejudge for to rule on any motion dismissed. It seems anomalous that. 2284 be 1 would be incorporated, but not in part, but not the remainder of it, which says upon the filing of request for statutes. If you have a later in time statute that uses different language that conflicts, which 1 controls, I guess we don't see a conflict. There is a conflict, which 1 can there is a conflict. The later 1 would control, but we don't see a conflict here. We think these are compatible to you. Assigned initially means to you what because because nothing about the prep actor moves that default. What does assigned initially mean to the government? I mean, I, I suppose I, I think you mean, not assigned initially as long as there's a relatively in your view, relatively easy jurisdictional question. I think that there's a whole isn't that your position. And there's a whole based on a whole body of case law that has allowed single district court judges to decide motions to dismiss on jurisdiction. Yes, that has allowed that has allowed single judges to dismiss for threshold because no court has the power to hear a claim. For example, and that's my position. I am I'm having a lot of cognitive dissonance. Saying that it would be consistent with this language that says assigned initially to a 3 judge court and that court is the 1 that has jurisdiction over. It doesn't say some motion to dismiss. It doesn't say 12, be 6 motions to dismiss. It says motions, plural to dismiss. Again, I mean, looking at terms like shall place. Those other cases are presumptions. What more did it need to say here? Let's assume we don't know, but let's assume Congress said, we want to displace that. This is a special situation. Prep act is deals with health emergencies. We wish to displace it. What language in your view would be necessary. To be added to this, I mean, for example, if Congress has said, none of the requirements 20 to 84 apply, for example, but that's not what they did. The only excluded part of 20 to 84 didn't say anything about 20 to a 4B1 and B2. And I think everyone agrees that minimum parts of 20 to a 4 apply, including the mechanism by which what do you think the mechanism? It's the 1st assignment. Is that done by the. District court work. Single judge, the chief judge of the district court or the chief judge of the circuit. I mean, our view would be hustling that. I think our view is that what happened here is consistent with the requirements. And so you can go, it can go to a single judge. Single judge can always perform some kind of screening screening functions. Courts have long recognized if there is to be an initial assignment. Who makes it. I suppose it's the 1st off, so I don't quite know, I guess, the mechanics of how of how cases are assigned behind the scenes, but I don't think there's any suggestion that it was Congress wanted to make it harder for a single judge to dismiss a suit than it would in other statutes. I thought your answer would have been the chief judge of the circuit because B1 is preserved. Yes, I mean, that's what has happened in similar cases that the chief that if someone thinks that a district court thinks the 3 just panel should be convenient. You follow those mechanics. I thought your question was going to be going to the initial, like, when a case is 1st docketed and when it's 1st docketed. That's what I'm wondering. Well, my understanding of B1 is that it go, you notify the chief judge of the circuit if a single judge believes that a 3 judge is required. Okay, and so I don't know that that that latter part of B1 would govern in a situation when a single judge doesn't think a 3 just panel is required suppose a 3 suppose the initial. District court judge thinks a 3 judged court is required. Then it goes to the chief of the circuit. Yes, then the B1 would would apply. Yes. Um, and I, you know, if it's helpful, the prep act includes a number of very specific pleading requirements order for complaint to be filed in the 1st instance. So, in 247, D, dash 16 and E4, there are, for example, verification requirements in order for complaint to be filed. You have to attach affidavits from the non treating physician, medical records, that sort of thing. And there's no reason to think Congress wanted the convening of a 3 judge panel to to functionally determine whether certain pieces of paper have included does not substantially comply. Yes, the verification requires substantial compliance. That's correct out there on what they mean by substantially comply here. I'm not aware of case logic. I mean, this is a unique statute as you stated, but I think the point is just so there's no reason to dismiss motion to dismiss because they didn't substantially comply. Go to the 3 judge court, because someone's going to have to interpret what substantially comply means in the 1st instance. That sounds like a pretty. Important question, I think, and not an obvious 1, I think it is functionally some kind of screening function. Have you attached the requisite affidavits? I mean, what you have to attach to have it's to substantially comply as opposed to. In your complaint, saying this doctor is will has has attested to this and this doctor has attested to this. How do we know that's not substantial compliance? I mean, do we, how do we know is that I mean, government argument the other side might have another would it be sanctionable to argue that that's not substantial compliance? I think the idea is just, there are a number of very specific requirements that have to be met and there's no reason to think Congress wanted all of these pieces to have to go to a 3 just panel. It's pretty through a motion to dismiss. I'm sorry, how would the verification requirement be also a motion to dismiss if the for, if the affidavits have it, if haven't been attached, for example, if the medical records don't have to be attached for substantial compliance. That's the difficulty. Here, right? I mean, the statute, how would if you wanted to say this complaint needs to be go away for failure to comply with a verification argument. Whatever you're reading of substantial appliances, that would be effectuated through. Motion to dismiss it's unclear, Your Honor, but it just says shall not be accepted for filing. And so it's unclear if that would have to go through. I don't fully may not go to the district court that shouldn't accept it for filing the language that I see is shall not be accepted for filing. Right? So that sounds like the clerk, but I don't think the clerk's going to interpret the 1st instance. What counts is substantially. That's something for courts to do. I think the fundamental point is, there's no reason to think for these sorts of things. Congress required the panel the way you effectuate. This is through a motion to dismiss and Congress said, who it wanted deciding motions to dismiss. Why should we think they didn't mean what they said? I should think they didn't mean what they know. That's not our argument. I think the reference to motion to dismiss motion for summary judgment and all these pre trial matters has to be read in conjunction with the exclusion of 22, a 4B3. and so it's just emphasizing your argument has to be that motion to dismiss is shorthand for a 12B6 motion. No, not necessarily your honor. We think, I mean, I think the cases in which courts have said, a single judge can't do this. The 3 judge panel controls tends to come up in the context of 12B6 failure state of claim where there is a challenging or somewhat hard merits question at issue, but this court and I mean, nothing this court has recognized that despite statutory language saying shall saying that this thing should go to a 3 judge panel. It is okay for a single judge to dismiss threshold jurisdictional challenges jurisdictional or just disability. I mean, yeah, some of them have used the language jurisdictional, but the idea is that the courts don't have the power to hear this case. And our position is that's certainly true with respect to the United States. I mean, you have to read. Boy, if you're saying motions to dismiss. This mandatory requirement for the 3 judge district court to decide motions to dismiss doesn't even cover. 12B6 motions that seems no, no, it certainly covers it can. I mean, I think we think B1 applies, which says a single judge can determine whether the 3 judges are required. And so if it's a challenging question, if it's a hard 12B6, or it's up to you think a district court can decide can dismiss. For failure to state a claim on the merits. Under the prep act ordinarily. It would have to give me a yes. Yes. Under the substantiality doctrine under whether it's not just a substantial assuming a substantial merits question, then the answer is no. Okay. But you think it just report can. Decide contested questions of subject matter jurisdiction. Because that was the practice under 2284. we think the substantiality doctrine sort of recognizes that for certain. Straightforward, sometimes frivolous cases tested. Contested well, contested as in the other motion to dismiss on jurisdictional grounds and it's a hard motion. This. Good arguments on both sides and that circumstance, I would say. I think B1 lets the district court decide, but they, they should probably send it to a 3 judge panel. Well, I don't want to what is your substantiality tests. I don't, you know, there's there, there is the. Completely frivolous not enough to even trigger federal court jurisdiction. Let's say we're out of that world. When is it substantial and it's disputed and when is it substantial enough? So put aside the frivolousness stuff. Which talked about in particular. What north of that. What's the line for when it goes to 3 judge court or stays with the district court. I don't think there's an obvious test here. Your honor. I think the cases have have looked at every single statutory provision and the nature of the claimant issue. I think in this case, when it comes to whether Congress has waived sovereign immunity for these claims against the government. That's on the obvious side, because you don't usually get statutory language as clear as what you have here about waivers of sovereign immunity. I mean, F says nothing in this section shall be construed to waive sovereign immunity. It's really hard to imagine Congress being clear about the extent to which you can see the language here. You haven't argued that their argument is sanctionable. I'm not sure that if any court has said sanction ability is the test. So it's not. Frivolous in that regard, and they point to some different language. That's like, well, why are we bothering to make them a covered person? If they're then going to be immune from all the things that covered persons are subject to you have your answers. Yes. We're not not here. That right now, but we have to decide who's going to make that decision in the 1st place. But why wouldn't Congress when it assigned motions plural to dismiss to the 3 judge court. I've expected anything that's north of what McMahon has talked about on. It presents a question for a federal court to decide. Why isn't that the category of cases. That goes to the 3 judge court, which shall have jurisdiction. Over such motions, I think it's because. Under principles of sovereign immunity, no court has the power to hear this case against us. That's that's a primary. We have power to rule not on. I mean, of course, on jurisdiction. I'm not, but that's what I'm deciding to hear this case against us. That's what we're deciding is who decides you agreed that your argument is a district court judge had the authority to decide your sovereign immunity argument. Correct? A district court district court judge. That's your argument to us. Yes. Can dismiss this case against us under 3 judge court could not. No, that's that's not our position. Okay. So that I don't see where that argument. Gets you this is my, this is sort of the way in which courts that have allowed dismissal on standing grounds have discussed statutes that aren't written this way. I agree that the statute should say shall do they say shall have jurisdiction over motions to dismiss. Like, I said, I'm not aware of any other statute that use that exact language, but the idea is not withstandings. The word shall or similar arguments about the mandatory nature of the language courts have nevertheless recognized that sectional language here. So, I'm not, I'm not. That's required and springboard president to make it jurisdictional, but at least. It hasn't always been, but here, you know, you have this, this, this language that is really targeted to this very emotion you want and I just can't understand what the line is. Once once we agree, there's enough of a legal issue. That you open the courthouse doors for somebody to decide this motion to dismiss either a single district court judge or 3 judge district court. So we're now in that. Category, and I think you say that would that's what category this case falls into. We don't challenge federal question jurisdiction now, right? So there's, we're in that category. All right, and that category has already Congress has already told. Us in the statute who has jurisdiction over that motion to dismiss. And you want to say, hey, no, he that statutory language, because there's a long practice under other statutes, differently written. Could allow this report judges, so we're 2 responses. I mean, I. Again, I think the fact that Congress only excludes B3 is meaningful and it means that B1 and B2 come in and B1 says that you have to file a request for 3 judge panel and that a single judge can determine whether 3 judges are required. And that body of case law has permitted single judges to dismiss at the threshold, including this court has recognized that as well. And so. Our position is that applies here with respect to this courthouse, the Watts versus case where judge Nichols said. At the 60 B stage, you're right. You're entitled to a 3 judge court. Our chief judge appointed a 3 judge court and the 3 judge court took jurisdiction over that motion to dismiss. There's already a practice in this courthouse, so I think that's consistent with our reading of the statute. Your honor, because B1 says a single judge can determine whether they think 3 judges are required. And so judge Nichols in that circumstance determined that he agreed. He believed in that circumstances. 3 judges required, but it's equally dismiss had to be designed the most all the way back to the motion dismiss had to be decided by 3 judge court. Again, I think the reference to the motion to dismiss and all these pre trial motions is just right in conjunction with the exclusion of B3. I don't think it confers. It says anything different about displacing the ordinary rule on the motion to dismiss, which I believe included sovereign immunity. I, yeah, I seem so I'm not that familiar with the very issue here. So I've been through we've been to this rodeo before in this part house this court. I mean, if I guess 2 responses, I mean, the 1st is our position is not that a judge has to dismiss if they agree with our position on sovereign immunity. It's that a single judge can decide that 3 judges are not required. They can, they can make that decision and you get that from 2284B1's language. Okay. So you're, you're, you're reading it to it says I'll be signed initially to a district court judge, which will decide in its discretion, whether or not a panel, whether or not the. A motion to dismiss is tough enough that it should be assigned to the 3 judge court. We're reading that from, you know, you're saying 2284 actually tells us to read this language. The way I told you. We're reading suggested you were reading it. Tell me if I'm wrong. Is incorrect initially to insert a district court judge. Which will in this discretion, based on how difficult. The most jurisdictional motion, or any, maybe any motion to dismiss is. To decide it itself, or give it to a 3 judge for sort of the difficulty language comes from the insubstantiality doctrine and Shapiro and McManus. I mean, the way that the court analyzes is they look at the underlying claim and they evaluate whether, you know, if it is challenging, then this is the sort of thing that a 3 judge court should should do. None of that, none of those cases displace the ordinary rule that again, a single judge can serve a screening function. And when it comes to reading E5 itself, we read it in conjunction with 2284. And we think you get there because E5 only excludes 2284B3 just says nothing about 2284B1 or B2 and sort of, it therefore follows that the ordinary requirements under B1 and B2 would apply here. No, I think, I mean, McManus, I can quote you at 44 section 2284B1 merely clarifies that a district court judge need not unthinkingly initiate the procedures to convene a 3 judge court. Without 1st, examining the allegations and the complaint in short, all the district court judge must determine is whether the request for 3 judges is made in a case covered by 2284A. no more, no less. So, all you have to do here is determine whether this is request for 3 judges made in a case governed by the prep act and the district court can determine that. The cause of action plaintiffs invoke here cannot be applied to the United States because that cause of action is subjected to subsection F, which says nothing in this section shall be construed to waive sovereign immunity. And our position is that that was completely appropriate for the district court to handle as without convening a 3 judge panel and again, it's hard to get clearer language about what Congress meant when it came to waiving sovereign immunity than what we have in subsection F. Thank you very much. Thank you. Your honor, and may it please the court David Weiner for the defendant appellee Pfizer Inc. Your honor, I'll just pick up where miss miss tan left off and on the issue of what the single district court has authority to do in circumstances where there's a statute that requires appointment of a 3 judge panel. I think our understanding is that there are several routes that the court can take that can permit dismissal. 1 is by way of B1 2284B1 and that it's that initial determination. And this is similar to what happened 1 of the cases we've cited community oncology alliance 1 of judge Kavanaugh's decisions and there the single judge can make a threshold determination about whether or not the statute under which the plaintiff is suing. Actually requires the appointment of a 3 judge panel. So that's 1 approach. The 2nd approach, I think, and that, of course, also is the reading consistent with Shapiro versus McManus. The 2nd is the insubstantiality doctrine. These are circumstances where the, the merits of the claim are so weak, frivolous, essentially commanded by Supreme Court binding precedent that the claim is a failure in those circumstances. A single judge can determine this claim is so weak. You haven't even opened the door for federal question jurisdiction. I can dismiss it on my own without sending it to a 3 judge panel. The last category of this case, I, that is well, let me caveat that for a 2nd and just say that I think that there is potentially a hook with respect to the medical record requirement because the language in that provision is so unique. And saying that a complaint that does not substantially comply shall not even be accepted for filing the decides whether it's substantially complied the clerk. Well, I think the use of that language suggests that that is a jurisdictional requirement and that brings me to the 3rd category jurisdictional question. I think, in the absence of a clerk making that decision, which is not going to happen, clerks aren't going to do that. And I think Congress wanted clerks to decide substantial compliant. I honestly don't know. I think it took away the power of courts to talk to define what law means. I think what the, what Congress was doing is saying that this requirement is so important. It is jurisdictional. And if it is jurisdictional, I think the single judge under Gonzalez has the authority to grant a motion to dismiss because it is not just dishevel. And I think that is entirely consistent with use of initially. Does a court, it may say, assume your reading is right. It is unusual language. All right, assume your reading is right, but you agree to clerk. The court is unexpected to do that. Congress, it would have been quite troublesome if it had said, let's keep this away from the judges. Let's let the clerk of the court define what this substantial compliance test means. So, the 1st, who's supposed to decide in the 1st instance. The court will make that determination and it will do so through a vehicle known as a motion to dismiss. And correct your honor and so. On that issue, we're not there yet. I'm sorry. We're not there in this case. So Congress did not say in the prep act. That a single judge could never determine whether or not a claim that happens to end up on its docket under the prep act is just dishevel or not. Congress could have written the statute that way Congress empowered 3 judge panels under the prep act to decide motions to dismiss and to decide summary judgment. We don't dispute that. We do not dispute. Of course, that this could have been referred to a 3 judge panel and a 3 judge panel would have granted. Could be assigned initially instead of shall be assigned initially. And when it says who has jurisdiction, such panel or district court judge shall have jurisdiction. That's how you want us to read this line. I think, am I wrong? Do you not? Are you not asking us to say that shall be assigned initially should mean shall be assigned initially to a district court judge or a panel of 3 judges in the judgment of the district single district court judge? No, your honor. That's not our position is that can't be assigned initially to a district court judge. In circumstances where a clerk is just as a clerk is not making a threshold determination about whether the medical verification requirements have been satisfied. The clerk's office is not looking at every stat at every complaint to determine whether or not it requires a 3 judge panel. My recollection and I could then we're in McManus world where they say what the district court judge can just go as a district court judge. Who's job then is to look at look at that and go, whoa, prep act and the chief judge. And I agree. That is 1 route. Under Shapiro versus McManus, but I don't think anything in the prep act displaces the authority that a single judge has under Gonzalez to also determine whether or not a complaint that is presented to it is justiciable or not before making a determination. I'm justiciable. I'm sorry. What do you mean by justiciable in Gonzalez? There was a lack of standing and I think the court all of the cases that I can dismiss for lack of jurisdiction is 12 be 1. that is correct. And I don't think that there's anything in the prep act that when it when Congress empowered 3 judge panels to rule on motions to dismiss and motions for summary judge power them, it assigned them jurisdiction. It did assign them jurisdiction, but Congress did not expressly take away the authority of a single judge to rule on a 12 be 1, which Gonzalez and the Supreme Court was very clear. Shapiro agreed with that all of the 2284 cases I've found. Allowing the single judge district court to do something pre assignment. So, in order to do you think that. I mean, don't you have to show that this exhaustion requirement is jurisdictional in order to assuming the assuming the background practice carries over to prep act. You still need to show that this exhaustion requirement is jurisdictional. Right? Do you agree with that? So, I think Gonzalez refers to justiciability or jurisdiction, but I think I agree with you that as a substantive matter, the cases themselves involved subject matter jurisdiction in terms of the 2nd, part of your question. I think we have sort of 2 arguments where I'm going. I do know where you're going. We have. You're citing cases from 25 years ago and see change. Yeah, what counts as jurisdictional and what counts as claims process. Right? I understand that. And this language. So, 2 responses case law, it sure reads like a non jurisdictional. Right? And so we have 2 answers to that. Number 1 is that I do think that the medical verification requirement uses language that is very different and that language that's 247 D. dash 6. D. E. 4. a motion for your motion to dismiss I'm sorry was that raises that was included or 12 B. 6. I don't remember your honor. I agree, but you just kind of throw it in at the end. Like, it's 12 basics. I honestly don't really need to decide that. Now. I don't remember if it was a B6 or B1. I know our motion to dismiss included both B1 and B6 and I honestly don't remember if the medical verification at the end of your brief after and everything well, it had never been. It has never been disputed by the plaintiffs that they didn't satisfy or comply with the medical verification requirement. Have they conceded that what they did by naming and their complaint? The 2 doctors would say this that they have they said that doesn't even count as substantial compliance. We agree with that. They have not said we agree with the defendants, but we argued in every filing that they did not substantially David's is what you guys argue. No, that's actually not. We also argued that what they didn't satisfy is 247 D dash 6 D. E. C Roman at 2, and that is the requirement to attach the medical certified medical records from the treating physicians that show evidence of proximate cause. That's what they don't have. And if you look in the, I think it's a page 17 in your brief here. What their records in your brief here. Sorry, I'm just having trouble finding it real quickly. You have it on 16. I think it was at 16. That's it. And what their records is. Because the complaint never on 17 never satisfied the threshold gatekeeping requirements. I think you're talking about it, both exhaustion and the attachments, but if you're only talking about the affidavit requirement, so it's not just present a willful misconduct claim. So, it would have required a folder 3, not presenting that sounds is that failure to sit a claim. I don't, as I said, your honor, I don't know whether we did it as a 12 be 1 in this brief. In this brief. Oh, I mean, I think the argument that we're making here is that paragraph is that you're talking about substantial compliance in here. That's because there was no compliance whatsoever. It's not disputed. I mean, I think what do you mean is not disputed? Well, we raised it in the motion substantially comply. And their complaint has both of them named it. Maybe the answer is that's not substantial compliance, but I don't have any basis for knowing that. Without briefing and argument on that issue. And let alone with a jurisdictional and I think again, our position is, it was not disputed in front of the magistrate in the objections and it's not been disputed in this court that the medical records rebuttal. If they believe they substantially comply, if he concedes they haven't substantially complied, then that will be a different and and Congress justice, whether we can decide it well. And that was the initial point is that Congress use very specific language in the medical verification requirements, seeing that. A complaint that doesn't substantially comply shall not be accepted for filing or view is that this has jurisdictional overtones by the use of that unique language. They do not have records. The records that they submitted. They don't even mention the coven 19 vaccine, which is the covered countermeasure. That is the entire basis for the willful misconduct claim. So, in these circumstances, we think that the district court properly dismissed on that basis in terms of the other part of your question, your honor, I understand the case law has changed somewhat. I do think that the prep act is a unique statute and is differs in very significant ways from some of the cases that you might be thinking about, like our read Elsevier for example, it didn't even, I think, mentioned exhaustion. It was the 15 employee requirement for a title 7 claim prep act. Obviously through line in those cases is whether the requirement is directed at the court or the party. This is squarely directed at party. I think the 1 distinction I would draw, I mean, I think, for example, in read Elsevier, the registration and preregistration requirement for the copyright act is doing something very differently than what the administrative exhaustion requirement is doing in the prep act in the copyright circumstance. What Congress was doing is essentially requiring the copyright holder to sort of give notice to the world. I have this copyright and we can't have an infringement claim unless the world knows about that. That, I think, looks very different from what Congress was doing in the prep act where they essentially extinguish the preempt tort liability and then they created this no fault administrative compensation scheme because they were trying to do something unique. We were barely years out of an extraordinary public health emergency where the prep act function extraordinarily. Well, Congress wanted to incentivize companies, manufacturers, distributors to create covered countermeasures to combat these public health emergencies. That's what happened with the coven 19 to extraordinary success. And in order to make that happen, Congress wanted to take away liability, provide protection, but create this no fault administrative compensation scheme through the covered the countermeasures injury compensation program and only after you have done that and only after you have exhausted your administrative remedies and seeing if you have the ability to recover only then can you go into federal court. And so I think that wouldn't it also be part of that protection to say, and even when you go to federal court. We're not going to have a single district court judge deciding whether you get sued and your case goes forward, whether the jurisdiction and whether they've stated a claim of any plaintiff to get past the threshold motions of dismiss is going to have to convince. At least 2 of the 3 judge court, but isn't that more protective? So I would agree with you in part your honor, but I think you blended together. Motions on the merits and motions on jurisdictional issues and so I think absolutely. If you're talking about a decision on the merits of a claim, I think the 12th, probably has to go to a 3 judge panel subject, I guess, you know, the insubstantiality doctrine. I guess would be a 12 be 1 argument, but I think when you're talking about, as Gonzalez said, issues of just disability and subject matter jurisdiction, which are 12 be 1, I don't think that the prep act prohibits a single judge from making those sorts of determinations just as against you. I'm sorry Congress Congress doesn't want it wanted to it's very serious protection here. It's rare for them to say, we're going to create a fund. That's how this is going to be dealt with. Yes. After you've gone through that, then there's this other process to go to court, but it's on this narrow claim and up front where you want this in the hands of 3 judges. Not 1 sure you like it when the 1 judge rules your way, but there'll be loud complaints when 1 district code somewhere in the country rules the other way. We're going to bypass that process. Is is that is there a way to read the requirement. That a 3 judge court also decide motions to dismiss for lack of jurisdiction as of a theme with Congress's layers of protection here for 4 situations of, you know, health emergencies in the country I think the answer to that is, yes, I don't think that Congress took away the ability of a single judge to determine their own jurisdiction just as they're able to do in all of these other cases Congress didn't have that desire to give that layer of protection. I think with respect to decisions on the merits it did and I don't think it says motions to dismiss plural. What other than 12, 6 motions on the pleadings. What else pretty rare and unusual? Well, I don't I don't think that when Congress said motions to dismiss, it was displacing the ability of a single judge to rule on a 12 be 1 and absolutely was saying that a 3 judge court could grant any type of motion to dismiss. 12 be 112 be 6. we absolutely do not do not dispute jurisdiction 1st in the district court judge to make that decision. Well, I think in circumstances, like, you have here where a prep back case. Ends up on the docket of a single judge, just as I think judge Chuck can could have made a determination. Suppose, for example. That the complaint, instead of being about a coven, 19 vaccine was about something that did not qualify as a covered countermeasure at all. We're supposed that no prep act declaration had been issued and in those circumstances, I think a single judge could have made the determination, which is consistent with 2284 be 1 and Shapiro versus McManus and community oncology alliance that the case doesn't even implicate the requirement. The statutory requirement to have a 3 judge panel did the statute not say 3 judge courts in accordance with section 2284. it did and I think again here as my colleague from the Department of justice explained and I agree with 2284 be 1. I don't think there's anything in the prep act that displaces its application from this statute. They carved out be 3 as we all agree and 2284 a says, essentially, in circumstances where a 3 judge panel is required. Here's what you do be 1 sets forth the procedures and composition of the court. I think be 1 is in play here for prep back cases questions. Thank you very much. Thanks. You're on. We'll give you a few minutes for rebuttal. We believe your complaints substantially complied with the statutory requirement. Yes, your honor, the plaintiff actually did submit the. That required affidavits, and we do believe that it complies and we also believe that to the extent that a court would find that it does or doesn't that would be a 3 judge court as. Required in the prep act a couple of things that we wanted to mention regarding Shapiro Shapiro is I mean, it's also come up a couple of times. The thing Shapiro takes addresses Gonzalez and clarifies it a little bit and in Shapiro, it's giving us the, the only example it gives us as as something that a single judge can handle on on his or her own. That's an example of just diversity jurisdiction and and that's a simple question of whether. The case is is spanning 2 states, but here. But it goes on to say that where the. The case requires any statutory interpretation, anything substantive, and that's that's where 3 judge panel has to get involved. And we think that that applies here. And that's that's controlling. We also do want to mention that the statute. It does not, it does not impose a duty on the, on the plaintiff initially to request a 3 judge panel. It's by operation of the of the statute. And it's, it's something that the plaintiff from the beginning viewed as as automatically and part of the statutory scheme. And. I think that's it. I accepted to bring bring up the last point that. There are, I think both defendants are bringing us to 2284, but we think that the prep act, it really established a separate. Statute statutory scheme and 2284 doesn't doesn't really get us where. We need to be, thank you very much. The case is submitted and we will take a brief recess.
judges: Millett; Katsas; Walker